IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEANNA THOMAS,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:10-0790

SHERRY LYNN CORBETT and
GEICO INSURANCE COMPANY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending is Plaintiff, Deanna Thomas's Motion to Remand and for Attorney's Fees and Costs (Doc. 5). For the reasons explained below, the motion is **GRANTED in part** and **DENIED in part.** The Court **ORDERS** that the matter be remanded to the Circuit Court of Wayne County, West Virginia where it was originally filed. The Court, however, declines to award costs and fees to Plaintiff.

**Background**

    This lawsuit arose from a May 27, 2008, motor vehicle accident in Huntington, West Virginia. Plaintiff, Deanna Thomas, was traveling westbound on Route 60 when Defendant Sherry Lynn Corbett attempted to made a left hand turn across oncoming traffic. Ms. Corbett pulled in front of Ms. Thomas, resulting in a collision. Following the accident, Ms. Corbett fled the scene. She was ultimately arrested and charged with numerous driving violations including failure to yield; inattentive careless, improper driving; negligent driving; driving to endanger; and reckless driving. There are no allegations that Plaintiff committed any driving violations which contributed to the accident.

Ms. Corbett did not have motor vehicle insurance at the time of the accident. Plaintiff was insured through Defendant, Geico Insurance Company (Geico), under a policy which contained uninsured motorist coverage. Plaintiff made a demand for her uninsured motorist benefits, which she claims Geico refused to pay in full. Ms. Thomas alleges that her medical expenses are approximately $13,172.41. She understands that her uninsured motorist benefits total $25,000.

Plaintiff's complaint alleges that Ms. Corbett is liable for negligence in causing the accident. Plaintiff has also made claims against Geico for breach of contract, violations of the West Virginia Unfair Trade Practices Act, common law bad faith, and breach of the doctrine of bad faith. Plaintiff has made claims for punitive damages against both defendants. Although she was served, Ms. Corbett has not answered the complaint. Geico removed the action from Wayne County Circuit Court. Removal is based on the contention that Ms. Corbett is only a nominal defendant.

**Analysis**

Federal district courts have limited jurisdiction, "[t]hey possess only the power authorized by Constitution and statute. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In this matter Geico removed the case contending that federal jurisdiction exists pursuant to 28 U.S.C. § 1332. Section 1332 provides in part: "The district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states." To establish jurisdiction under the statute the Defendant must demonstrate both complete diversity between the parties and that the amount in controversy exceeds $75,000.

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals, Co., Inc.,* 29 F.3d 148,

151 (4th Cir. 1994); *see also Nixon v. Loyal Order of Moose Lodge No. 750*, 285 F.2d 250, 252 (4th Cir. 1960) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Therefore, the party seeking removal has the burden of establishing federal jurisdiction. *See e.g. Mulcahey*, 29 F.3d at 151; *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d. 192, 200 (4th Cir. 2008). "If federal jurisdiction is doubtful a remand is necessary." *Mulcahey* 29 F.3d at 151.

With the presence of Ms. Corbett in this lawsuit, complete diversity would seem not to be satisfied. Geico argues however, that Ms. Corbett is a nominal party and should not be considered for purposes of jurisdiction. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Spencer v. Harris*, 394 F.Supp.2d 840, 843 (S.D. W.Va. 2005) (quoting *Navarro Savings Assoc. v. Lee, Jr.* 446 U.S. 458, 460-61 (1980). Although the Fourth Circuit has not enunciated a standard to determine whether a party is a "real party at interest" or merely a "nominal party," courts in this district have previously noted that, "a 'real party in interest' is one who has a 'substantial stake' in the outcome of the case." *Id.* (quoting *State of West Virginia v. Morgan Stanley & Co.*, *Inc.,* 747 F.Supp. 332, 336-37 (S.D. W.Va. 1990)).

Based upon this standard, the Court must conclude that Ms. Corbett is a real party at interest, rather than a nominal party, because she does have a substantial stake in the outcome of the litigation. From the record, it appears that she has been properly served and made a party to this case. The allegations against her are serious and, if proven, will likely subject her to liability from

Plaintiff, potentially for a significant sum.  The fact that Plaintiff has made claims against Geico, which arise from the same incident, does nothing to alter these circumstances.

In opposition of Plaintiff's motion to remand, Geico relies heavily on the case of *Kidd v. Gilfilen* 170 F.Supp.2d 649 (S.D. W.Va. 2001) (Haden, C.J.).  In *Kidd,* as here, the plaintiffs' automobile was struck by an uninsured motorist.  *Id.* at 650.  The plaintiffs asserted a negligence claim against the motorist (Gilfilen) and also against their insurance company, State Farm, for Unfair Trade Practices under the West Virginia Code.  *Id.*  The Kidds filed against State Farm in order to receive uninsured motorist benefits from their policy.  *Id.*  Judge Haden determined that State Farm and not Gilfilen was the real defendant at interest.  *Id.* at 651-52.

While the Court concedes that the present case contains some factual similarities with *Kidd*, that case is not binding precedent and, likewise, is distinguishable.  In *Kidd,* Judge Haden found that the uninsured motorist was present in the case merely as "a means to a more substantial end namely the establishment of her liability for resulting damages to the Kidds so as to trigger State Farm's inchoate obligation to pay on its uninsured motorist coverage;" and that any judgment against her "likely [would] not be collected."  *Id* at 651-52.  In this case, as explained above, Ms. Corbett is potentially liable to Plaintiff for a significant sum.  Moreover, unlike the situation in *Kidd*, there are legitimate reasons why Plaintiff may want to pursue recovery against Ms. Corbett personally – making her more than just the "means to a more substantial end."  Plaintiff has represented that her uninsured motorist coverage with Geico is limited to $25,000.  According to her complaint, Plaintiff is seeking compensatory damages for medical expenses lost business income and pain and suffering.  She as also asserted claims for punitive damages.  As such, a judgment for Plaintiff may well exceed $25,000 and, in such a situation, Plaintiff may be forced to seek recovery from Ms. Corbett

personally. This possibility of having to seek personal recovery from a tort-feasor has been held, in similar situations, to justify a significant stake in the litigation. *See Robey v. Skidmore,* 2008 WL 1837308 at *3-4 (N.D. W.Va. April 23, 2008).

Ms.Corbett has properly been made a party to this case and there exists the possibility of a substantial judgment against her. Although she has not yet appeared, at this point in the litigation, a scant two months after the complaint was filed, it is premature to conclude that Plaintiff will be unable to recover against her. As such she has a real and legitimate stake in the outcome of this case. Consequently, the Court **GRANTS** the motion to remand **in part.** The Court, however, **DENIES** the motion insofar as it seeks costs and attorneys fees from Geico.

## Conclusion

For the reasons explained above, the Court **GRANTS** Plaintiff's motion to remand (Doc. 5) **in part** and **ORDERS** that the matter be **REMANDED** to the Circuit Court of Wayne County, West Virginia, where it was originally filed. Accordingly, the Court **DIRECTS** the matter stricken from its docket. The Court does, however, **DENY** the instant motion insofar as it seeks costs and attorneys fees. Finally, Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 2, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE